Michael E. Quiat, Esq.
Atty No. 015911985
USCHER, QUIAT, USCHER & RUSSO
A Professional Corporation
433 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
Phone 201-342-7100
Fax 201-342-1810
E-mail: mquiat@uqur.com

Nancy L. Cavey, Esq.
Florida Bar No.: 300934
Law Offices of Nancy L. Cavey
821 16th Street N.
St. Petersburg, FL 33705
Phone 727-894-3188
Fax 727-821-2751
E-mail: cavey@tampabay.rr.com
*Attorneys for Plaintiff, Susan Walsh-Alfano*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN WALSH-ALFANO, | Civil Action No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| Defendant. | |

Plaintiff, SUSAN WALSH-ALFANO, by way of Complaint against the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, alleges as follows:

1.     Plaintiff, Susan Walsh-Alfano, is a resident of Hudson County, New Jersey.

2.     Defendant, Life Insurance Company of North America, is a foreign corporation and a fiduciary with respect to such claim, and does business in the District of New Jersey.

3.     Jurisdiction and venue are proper in this Court pursuant to 29 U.S.C. § 1001 *et seq.* as well as 28 U.S.C. § 1332 *et seq.* and 28 U.S.C. §1392 *et seq.*

<u>**ESSENTIAL FACTS**</u>

4.     **At all times relevant hereto Plaintiff, Susan Walsh-Alfano, was an "employee" of** CGI Technologies and Solutions, Inc., her "employer", as those terms are defined in 29 U.S.C. §§ 1002(5) and (6).

5.     As an employee of CGI Technologies and Solutions, Inc., Plaintiff was a "participant" in and a "beneficiary" of a long-term disability insurance plan, underwritten and insured by Defendant Life Insurance Company of North America under Policy No. FLK-980084 (hereinafter referred to as the "LTD PLAN"). See **Exhibit A** attached hereto.

6.     The LTD PLAN is an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1).

7.     At all times relevant hereto Plaintiff's employer, CGI Technologies and Solutions, Inc. was the "plan sponsor" as that term is defined by 29 U.S.C. § 1002(16)(B).

8.     Defendant, Life Insurance Company of North America is the "administrator", of the LTD PLAN, and a "fiduciary" as those terms are defined by 29 U.S.C. §§ 1002, (16) and (21).

9.     The LTD PLAN provided for payment of long-term disability benefits in the event Plaintiff became "disabled", as defined in the LTD PLAN. Under the terms of the LTD PLAN, "Disability" and "Disabled" is defined as follows:

> "*Definition of Disability/Disabled*
>
> *The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*

2

*1.  unable to perform the material duties of his or her Regular Occupation; or*

*2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her regular Occupation.*

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*

*1.  unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; or*

*2.  unable to earn 80% or more of his or her Indexed Earnings."*

10.     Plaintiff stopped working on November 18, 2016 due to the debilitating symptoms associated with her diagnosis of fibromyalgia.

11.     The Plaintiff applied for Long Term Disability benefits under the terms of the LTD PLAN on February 2, 2018.

12.     On March 22, 2018, Defendant corresponded with Plaintiff to inform her that her claim for LTD benefits has been denied..

13.      Plaintiff timely submitted an administrative appeal to Defendant dated June 13, 2018, in which she documented how the symptoms of her fibromyalgia, including widespread chronic pain and debilitating fatigue, restricted and limited her from working in her own occupation as well as "any occupation" as the term is defined in the LTD PLAN.

14.     The Defendant denied Plaintiff's administrative appeal on March 14, 2019.

15.     The undersigned submitted a supplemental appeal on September 10, 2019 which further demonstrated how the debilitating symptoms of her fibromyalgia restricted and limited

her from working in her own occupation as well as "any occupation" as that term is defined in the LTD PLAN.

16.     Plaintiff's supplemental appeal was subsequently denied by Defendant on December 3, 2019.

17.     At all times relevant hereto, Plaintiff's disability was, and remains, fully supported by her treating physicians due to the debilitating symptoms associated with the Plaintiff's diagnosis of fibromyalgia.

18.     Since November 19, 2016, the Plaintiff has continued to meet the definition of disability as defined by the Policy and continues to be disabled from not only her own occupation but by "any occupation" as that term is defined in the LTD PLAN.

## AS AND FOR A FIRST CAUSE OF ACTION

19.     Plaintiff repeats and re-alleges paragraphs 1 through 18 of the Complaint, incorporating them by reference herein as if specifically restated.

20.     Plaintiff is disabled within the meaning of the terms of the Policy, and as such is entitled to disability benefits thereunder.

21.     Defendant's decision to deny Plaintiff's claim and subsequent appeals for LTD benefits was arbitrary and capricious and not based on substantial evidence. Plaintiff was deprived of a full and fair review when her administrative appeals were denied by Defendant on March 14, 2019 and December 3, 2019.

22.     Moreover, Defendant is acting under a clear conflict of interest within the meaning of *Metropolitan Life Insurance Company v. Glenn*, 128 S. 2343 (2008), which conflict has poisoned its decision-making in this case, to Plaintiff's great prejudice.

23.     By virtue of the foregoing, the Defendant has breached the terms of the Policy and has violated the requirements of the Employee Retirement Income Security Act, 29 USC § 1132 (a)(1)(B), § 502(a)(1)(B) and applicable regulations thereunder.

## AS AND FOR A SECOND CAUSE OF ACTION
### (In The Alternative)

24.     Plaintiff repeats and re-alleges each and every allegation set forth above in Paragraphs 1 through 23 as if fully set forth again herein.

25.     By virtue of its behavior, Defendant has breached its fiduciary duty owed to Plaintiff under § 502(a)(3), 29 USC § 1132(a)(3), placing Defendant's own interests over that of Plaintiff.

26.     Among the fiduciary duties breached by Defendant are (i) failing to honestly evaluate Plaintiff's claim before denial of benefits; (ii) failing to honestly consider the evidence which supported Plaintiff's claim; (iii) disregarding the opinions of Plaintiff's treating providers; and (iv) engaging in highly partisan, adversarial process with Plaintiff, not designed to provide Plaintiff with the benefits to which she was entitled, but rather to thwart her right to same regardless of the consequences to the Plaintiff.

27.     By virtue of the Defendant's breach of fiduciary duty, Plaintiff has incurred losses and harm, separate, apart, and in addition to her right to benefits as alleged in the First Cause of Action. Accordingly, Plaintiff is entitled to equitable relief in a form to be determined by the court upon a full consideration of the facts.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

(a)     Declaring Plaintiff disabled within the meaning of the LTD PLAN as set forth in the Complaint;

(b)     Ordering the Defendant to pay Plaintiff disability benefits retroactive to November 18, 2016, the date of wrongful denial, and to continue paying the Plaintiff's Long Term Disability benefits under the terms of the Policy as alleged in the First Cause of Action;

(c)     Ordering appropriate equitable relief to Plaintiff, in accordance with the Second Cause of Action, as this Court may deem appropriate.

(d)     Awarding to Plaintiff her costs of suit, including reasonable attorney's fees under ERISA pursuant to 29 U.S.C. §1132(g)(1) and applicable regulations thereunder; and

(e)     Granting such further relief as this Court may deem just and proper.

> USCHER, QUIAT, USCHER & RUSSO
> A Professional Corporation
> 433 Hackensack Avenue, 2nd Floor
> Hackensack, NJ  07601
> Phone  201-342-7100
> Fax     201-342-1810
> E-mail:  mquiat@uqur.com

Dated: February 24, 2020      By:     /s/ Michael E. Quiat
> MICHAEL QUIAT
> Attorney ID No. 015911985
> *Attorney for Plaintiff*

> LAW OFFICES OF NANCY L. CAVEY
> 821 16th Street North
> St. Petersburg, FL 33705
> Phone  727-894-3188
> Fax     727-821-2751

Dated:  February 24, 2020      By:     /s/Nancy L. Cavey
> NANCY L. CAVEY ESQUIRE
> Florida Bar No.:  300934
> *Attorney for Plaintiff*

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action.

USCHER, QUIAT, USCHER & RUSSO
A Professional Corporation
433 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
Phone  201-342-7100
Fax     201-342-1810
E-mail:  mquiat@uqur.com

Dated:  February 24, 2020        By:    /s/ Michael E. Quiat
MICHAEL QUIAT
Attorney ID No. 015911985
*Attorney for Plaintiff*

LAW OFFICES OF NANCY L. CAVEY
821 16th Street North
St. Petersburg, FL 33705
Phone  727-894-3188
Fax     727-821-2751

Dated:  February 24, 2020        By:    /s/Nancy L. Cavey
NANCY L. CAVEY ESQUIRE
Florida Bar No.:  300934
*Attorney for Plaintiff*